UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nicholas Joseph Kinstle,   Case No. 3:19-cv-2982

    Plaintiff

v.   MEMORANDUM OPINION
AND ORDER

Allen County, Ohio, *et al.*,

    Defendants

## Background

On December 27, 2109, *pro se* plaintiff Nicholas Joseph Kinstle filed a fee-paid complaint pursuant to 42 U.S.C. § 1983 seeking damages, declaratory, and prospective injunctive relief against twelve defendants: "Allen County, Ohio"; Allen County Prosecutor Juergen A. Waldick; Assistant Prosecutor Anthony J. Miller; Administrative Law Judge Jeffrey Lee Reed; Allen Correctional Institution Warden James Haviland; Ohio Parole Board Chair Trayce Thalheimer; Allen County Sheriff Matthew Treglia, Detectives Timothy Jackson and Mark A Baker; and retired state Judges Richard Keith Warren, James E. Barber, and Randall Lynn Basinger. (Doc. No. 1.)

His forty-six page complaint is rambling and incoherent and does not set forth discernible specific claims against each defendant, but it seeks to challenge a state foreclosure action filed in 2005 in Allen County whereby the plaintiff's property was eventually ordered by the court to be sold at sheriff's sale, and the plaintiff's subsequent state criminal convictions on charges of criminal trespass, resisting arrest, obstructing official business, and 23 felony counts of intimidation. *See, e.g,*

*Link v. Matthews, aka Kinstle*, No. 1-08-61, 2009 WL 1110832 (Ohio Ct. App. Apr. 27, 2009); *State v. Kinstle*, 2010-Ohio-5409 (Ohio Ct. App. 2010); *State v. Kinstle*, 2012-Ohio-5952 (Ohio Ct. App. 2012).

The plaintiff has filed numerous cases, petitions, and motions in state and federal court challenging those proceedings. The Ohio Courts have upheld the state judgments, and the Supreme Court of Ohio has *sua sponte* declared the plaintiff to be a vexatious litigator. *See Kinstle v. Waldick*, No. 2013-0768, (Ohio July 24, 2013).

In addition, my colleague Judge Carr has considered and dismissed two prior federal civil actions the plaintiff filed challenging the same state foreclosure and criminal convictions. *See Kinstle v. Allen County, et al.*, No. 3: 13 CV 90 (N.D. Ohio Mar. 29, 2013); *Kinstle v. Allen County*, No. 3: 13 CV 1246 (N.D. Ohio Mar. 31, 2015). Another colleague, Judge Zouhary, also dismissed a prior civil case the plaintiff filed regarding these matters. *See Kinstle v. Waldick, et al.*, No. 3: 11 CV 2401 (N.D. Ohio Dec. 8, 2011). The plaintiff has been declared a frivolous prison filer under 28 U.S.C. § 1915(g) for purposes of proceeding *in forma pauperis*. *See Kinstle v. Allen County, et al.*, No. 3: 13 CV 1246 (N.D. Ohio).

**Standard of Review and Discussion**

Federal courts are courts of limited jurisdiction, and a federal district court has the authority "at any time, [to] *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

I find that this action must be dismissed in accordance with *Apple v. Glenn*. The plaintiff's complaint is so incoherent, implausible, and frivolous in that it does not provide a basis to establish federal subject-matter jurisdiction. Further, any § 1983 claims the plaintiff purports to assert regarding the state foreclosure and his criminal convictions are devoid of merit and no longer open to further argument.

Under the doctrine of *res judicata*, a final judgment on the merits in an action bars re-litigation between the parties or their privies on issues that were or could have been raised in a prior action. *W.J. O'Neil Co. v. Shepley, Bullfinch, Richardson & Abbott, Inc.*, 765 F.3d 625, 630 (6th Cir. 2014). The plaintiff clearly purports to allege claims that he raised, or could have raised, against the defendants and their privies in one of his many prior lawsuits. His claims are therefore barred by *res judicata* and are no longer open to further argument.

Additionally, any § 1983 claims the plaintiff purports to assert challenging his state criminal convictions or sentences are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that in to recover monetary damages for an allegedly unconstitutional conviction or sentence, or for any "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of *habeas corpus*. *Id.* at 486–87. *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646–48, (1997) (declaratory relief); *Wilson v. Kinkela*, No. 97–4035, 1998 WL 246401, at * 1 (6th Cir. May 5, 1998) (injunctive relief). The plaintiff seeks to assert claims implying the invalidity of his state convictions or sentences, but his complaint does not plausibly suggest that the convictions or sentences have been set aside or invalidated in any way articulated in *Heck*. His claims therefore are implausible and lack merit.

**Conclusion**

Accordingly, I am dismissing the plaintiff's complaint pursuant to my authority established in *Apple v. Glenn*. In light of this dismissal for lack of subject-matter jurisdiction, it is not necessary to address the parties' remaining motions, Doc. Nos. 12, 13, 14, 15, 16, 17, 18, and 21, which are denied as moot. The plaintiff's motion to amend his complaint, Doc. No. 20, is denied as he does not propose allegations suggesting he has any plausible claims.

I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Further, I am expressly cautioning the plaintiff that he may be sanctioned if he files any further frivolous civil complaints in federal court seeking to challenge the same state foreclosure and criminal matters.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge